NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EXPRESS MOBILE, INC.,**
*Appellant*

**v.**

**META PLATFORMS, INC., FKA FACEBOOK, INC., SAP AMERICA, INC., EBAY, INC., EXPEDIA, INC., HOMEAWAY.COM, INC., SQUARESPACE, INC., WIX.COM, LTD, WIX.COM, INC., GOOGLE LLC,**
*Appellees*

---

2023-1646

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-01226, IPR2022-00572, IPR2022-00597.

---

Decided: June 17, 2025

---

RAYINER HASHEM, MoloLamken LLP, Washington, DC, argued for appellant. Also represented by CALEB HAYES-DEATS, JEFFREY A. LAMKEN, JACKSON MYERS; SARA MARGOLIS, BENOIT QUARMBY, New York, NY; DAVID ALBERTI, ROBERT KRAMER, SAL LIM, Kramer Alberti Lim & Tonkovich LLP, Foster City, CA; JAMES RICHARD NUTTALL, Steptoe LLP, Chicago, IL; CHRISTOPHER ALAN SUAREZ,

Washington, DC; KENNETH J. WEATHERWAX, Lowenstein & Weatherwax LLP, Santa Monica, CA.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, argued for all appellees. Appellee Meta Platforms, Inc. also represented by ANDREW CARTER MACE, MARK R. WEINSTEIN; PHILLIP EDWARD MORTON, Washington, DC.

JAMES LAWRENCE DAVIS, JR., Ropes & Gray LLP, Palo Alto, CA, for appellee SAP America, Inc. Also represented by JAMES RICHARD BATCHELDER, East Palo Alto, CA.

JARED BOBROW, Orrick, Herrington & Sutcliffe LLP, Menlo Park, CA, for appellee eBay, Inc. Also represented by WILL MELEHANI, San Francisco, CA.

JEFFREY JOHN CATALANO, Smith, Gambrell Russell LLP, Chicago, IL, for appellees Expedia, Inc., Homeaway.com, Inc. Also represented by SARAH A. GOTTLIEB, Tampa, FL.

BRIAN ROBERT MATSUI, Morrison & Foerster LLP, Washington, DC, for appellees Squarespace, Inc., Wix.com, LTD, Wix.com, Inc. Also represented by ADAM R. BRAUSA, TIMOTHY C. SAULSBURY, San Francisco, CA.

NAVEEN MODI, Paul Hastings LLP, Washington, DC, for appellee Google LLC. Also represented by STEPHEN BLAKE KINNAIRD; JOSEPH PALYS, DANIEL ZEILBERGER.

———————————

Before LOURIE, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Express Mobile, Inc. appeals the Patent Trial and Appeal Board's Final Written Decision in an *inter partes* review of U.S. Patent No. 7,594,168 that held all challenged claims unpatentable. Because the Board applied an

erroneous construction of the claim term "style," we vacate the Board's decision and remand for further proceedings.

## BACKGROUND

### I

The '168 patent is titled "Browser Based Web Site Generation Tool and Run Time Engine," assigned to Express Mobile, and directed "to methods and apparatus for building a web site using a browser-based build engine." U.S. Patent No. 7,594,168 Title, col. 1 ll. 13–15. The Background explains that "[c]onventional web site construction tools operate on traditional operating system platforms and generate as output HTML (hyper text mark-up language) and Script Code (e.g., JavaScript)," which have several limitations. *Id.* col. 1 ll. 19–25. Some of these limitations include that "a conventional web publishing application can offer only a crude preview capability of what a real web page will look like," and "HTML and JavaScript are incapable of reformatting text and scaling buttons or images dynamically." *Id.* col. 1 ll. 37–39, 48–49. The '168 patent sought to answer these shortcomings through a "browser based build engine . . . that includes a browser based interface," where the build engine runs "entirely in a web based" environment, thus allowing "the web designer [to] work[] directly on and with the final web page." *Id.* col. 1 l. 62, col. 2 ll. 39–43.

The browser-based system includes a user interface that allows a web designer to build web pages by placing "objects" on the page and associating them with a "style." *See id.* col. 30 l. 25–col. 32 l. 18. "When an image, text button or paragraph object is created, all the style settings for the currently selected style are applied by the build engine as part of the definition for the newly created object." *Id.* col. 32 ll. 6–9. "If a style is changed, all objects on all internal web pages that are utilizing that style are candidates for being changed." *Id.* col. 32 ll. 10–11.

4                EXPRESS MOBILE, INC. v. META PLATFORMS, INC.

Independent claim 1 is illustrative:

[1(pre)] A system for assembling a web site comprising:

[1(a)] a server comprising a build engine configured to:

[1(b)] accept user input to create a web site, the web site comprising a plurality of web pages, each web page comprising a plurality of objects,

[1(c)] accept user input to associate a style with objects of the plurality of web pages, wherein each web page comprises at least one button object or at least one image object, and wherein the at least one button object or at least one image object is associated with a style that includes values defining transformations and time lines for the at least one button object or at least one image object; and

[1(d)] wherein each web page is defined entirely by each of the plurality of objects comprising that web page and the style associated with the object,

[1(e)] produce a database with a multidimensional array comprising the objects that comprise the web site including data defining, for each object, the object style, an object number, and an indication of the web page that each object is part of, and

[1(f)] provide the database to a server accessible to web browser;

[1(g)] wherein the database is produced such that a web browser with access to a runtime engine is configured to generate the web-site from the objects and style data extracted from the provided database.

*See id.* col. 64 l. 48–col. 65 l. 6.

## II

Meta Platforms, Inc., SAP America, Inc., Expedia, Inc., eBay Inc., Homeaway.com, Inc., Squarespace, Inc., Wix.com, Ltd., Wix.com, Inc., and Google LLC (collectively, "Meta") challenged the patentability of claims 1–4 and 6 of the '168 patent on two grounds, both of which included the prior art references Reynolds[1] and Lemay Web,[2] among other references not relevant to this appeal. Reynolds discloses "techniques for creating and viewing material on the World Wide Web in the form of an interactive Web book [('ibook')]," where its interactive ibook "is a self-extending, self-sustaining information-redistributing Web robot, which is resident on a data network such as the Internet," and its material "is preferably organized in the form of Web pages." J.A. 406 col. 1 ll. 6–8, 27–30. Lemay Web describes a pre-built Java applet called "Animator.class" that, after inserting a handful of lines into an HTML code to specify the desired attributes of the animation, displays an animated image for a web page. *See* J.A. 503–05.

Relevant to this appeal, the parties contested the construction of the term "style" in the IPR proceeding. Express Mobile construed "style" as "a collection of one or more settings that is defined separately from any single object but can be associated with one or more objects." J.A. 12. On the other hand, Meta construed "style" as an "attribute that defines the visual appearance of an object," J.A. 183, and contested Express Mobile's proposed construction that a "style" must be "separate[] from any single object." J.A. 12 (citation omitted). The Board determined that, because the prior art combinations met the claim language even under Express Mobile's more narrow proposed

---

[1]    U.S. Patent No. 6,052,717.

[2]    LAURA LEMAY, TEACH YOURSELF WEB PUBLISHING WITH HTML 3.2 IN A WEEK (3d ed. 1996).

construction, it "need not resolve the claim construction dispute to render a decision on patentability." *Id.*

In its petition, Meta asserted that Lemay Web teaches the claim language "to associate a style with objects" in element 1(c). Specifically, Meta argued that "Lemay Web's disclosure of 'entering HTML code' for the attributes . . . to 'define the objects' visual appearance' [teaches] the object's 'style,'" and Lemay Web's "disclosure of 'image animations that include both graphical images and executable code (*i.e.* the Java animation applet) to display the images in sequence' teaches the recited 'objects.'" J.A. 20–21 (citation omitted). The Board agreed with Meta.

In its analysis for this limitation, the Board addressed Express Mobile's contention that Lemay Web's attributes in the HTML code were not separate from Lemay Web's alleged "object." Specifically, the Board agreed with Meta that "the attributes are defined separately from the object because they are in an HTML file, which is stored separately from the file containing the object." J.A. 21. The Board continued to explain how Lemay Web discloses (1) that the settings selected in the HTML code are passed to the applet, meaning the HTML code is not "an integral part of the object itself"; (2) that a pre-built Java applet plus "a few lines of HTML" code can be used "to create animation effects without touching a line of Java code," illustrating that the Java applet "Animator.class" is a separate file from the HTML file that calls it to create the animation; and (3) that the image files that are displayed as the animation object are separate from the HTML file. J.A. 21–22 (citation omitted). The Board also dismissed Express Mobile's contention that, "[w]ithout the APPLET tag block [in the HTML file], there would be no applet," because the Board determined that the applet can be "independent of the applet tag block, even if the tag is required to invoke the applet in a web page." J.A. 22 (first alteration in original).

Finally, the Board addressed Express Mobile's argument that the applet tag block is not defined separately from the object because "[t]he APPLET tag block only pertains to a single object—the specific applet being instantiated—and the PARAMs inside that tag block pertain only to that specific applet." *Id.* (alteration in original). The Board reasoned that, according to Express Mobile's own "proposed construction, a style—'a collection of one or more settings that is defined separately from any single object but can be associated with one or more objects'—can be associated with just one object." *Id.* The Board supported this finding by pointing to a passage from the '168 patent's specification that discloses how the values for a style of an object can be individually set through user input, which it considered "similar to" Lemay Web's disclosure that a user assigns values for various parameters of an animated Java object. J.A. 23 (citing '168 patent col. 32 ll. 12–18). Based on this understanding of Express Mobile's proposed construction, the Board found that the fact that Lemay Web's alleged "style" is capable of only associating with a single "object" did not preclude the finding that the prior art combination taught the challenged claim limitation.

The Board ultimately found all challenged claims of the '168 patent unpatentable. Express Mobile appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

On appeal, Express Mobile contends that the Board erred in its analysis of two claim limitations: (1) limitation 1(c) due to its erroneous construction of the term "style"; and (2) limitation 1(g) because substantial evidence does not support the Board's finding that the prior art combination taught "a runtime engine [] configured to generate the web-site from [] objects and style data." The claim construction of "style" is dispositive of this appeal.

Claim construction is ultimately a question of law that we review de novo, as are the intrinsic-evidence aspects of

a claim-construction analysis. *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 808 (Fed. Cir. 2021). But we review any underlying fact findings on extrinsic evidence for substantial evidence. *Id.*

Express Mobile contends that the Board erred when it implicitly construed the use of the term "or" in Express Mobile's proposed construction of "style" to refer to alternative choices, and thus also erred in finding that Lemay Web's disclosed attributes in an HTML code teach the claimed "style" even though the attributes are only associated with one "object."[3] We agree with Express Mobile.

The Board did "not resolve the claim construction dispute" for the term "style" in its Final Written Decision. J.A. 12. Instead, after acknowledging the parties' dispute, it applied Express Mobile's proposed construction because it found "that the asserted combination teaches 'style' under [Express Mobile]'s proposed construction." *Id.* In performing its obviousness analysis, however, the Board implicitly construed the term "or" contrary to Express

---

[3]    Meta contends on appeal that Express Mobile forfeited its argument that the use of "or" in its proposed construction of the term "style" meant that a "style" can be associated with a single "object," but must also be capable of being associated with more than one "object." We disagree. First, the Board understood Express Mobile to argue that Lemay Web did not teach the claimed "style" because a "style" needed to be capable of applying to more than one "object" and addressed this argument, as we discuss throughout this opinion. Second, Meta itself concedes that there are at least two places in the record where this issue was raised before the Board, even if Meta contests how developed the record is. Between Meta's necessary acknowledgement of the record and the Board's understanding and consideration of the issue in its Final Written Decision, we conclude that Express Mobile did not forfeit its arguments.

Mobile's meaning to find that Lemay Web taught the claimed "style," despite Express Mobile's express argument that Lemay Web's alleged "style" does not read on the claim term because it only applies to one of Lemay Web's alleged "objects." J.A. 22–23 ("[Express Mobile] further argues the Applet tag block is not defined separately from the object because '[t]he APPLET tag block only pertains to a single object—the specific applet being instantiated—and the PARAMs inside that tag block pertain only to that specific applet.' We disagree with [Express Mobile]'s assertion because, according to its own proposed construction, a style—'a collection of one or more settings that is defined separately from any single object but can be associated with one or more objects'—can be associated with just one object." (second alteration in original) (citation omitted)); *see also Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1055–56 (Fed. Cir. 2024) ("If the outcome of the analysis of the claim term establishes the scope (e.g., boundaries) and meaning of *the patented subject matter*, the court (or the Board) [] mostly likely construed the claim.").[4] The Board supported its implicit construction by pointing to the emphasized

---

[4]    Express Mobile also argues on appeal that the Board erred by refusing to explicitly construe "style" when it was clear the parties disputed the term, which independently warrants vacatur. We disagree. The Board's error here comes not from its decision to resolve the claim construction dispute only to the extent necessary to complete its patentability analysis, as allowed by our case law. *See Realtime Data, LLC v. Iancu*, 912 F.3d 1368, 1375 (Fed. Cir. 2019) ("The Board is required to construe only those terms that are in controversy, and only to the extent necessary to resolve the controversy." (cleaned up) (citation omitted)). Rather, the Board erred after it resolved to use Express Mobile's proposed construction, when it implicitly misconstrued "or" in the construction of "style."

10              EXPRESS MOBILE, INC. v. META PLATFORMS, INC.

language in the following passage from the '168 patent's specification:

> If a style is changed, all objects on all internal web pages that are utilizing that style are candidates for being changed to those new values at 106. *Flags are kept for every possible style setting for each object. If a given object is edited through the text button, image, or interaction menus or other interface objects of the panel 400, the flags are set for any setting that are [sic] changed. If that style is subsequently changed, only those settings that have not had their flags set will be changed for any given object.*

'168 patent col. 32 ll. 10–18 (emphasis added); J.A. 23 (citing '168 patent col. 32 ll. 12–18). Read in context, however, this passage in the '168 patent's specification does not disclose using a style. Rather, it discloses how a user can format an object to override the application of a style to an object.

A full analysis of the intrinsic evidence reveals that the Board's construction of "style" was erroneous. In conducting a claim construction analysis, "[w]e begin, as we often do, with the claim language." *Apple Inc. v. Corephotonics, Ltd.*, 81 F.4th 1353, 1358 (Fed. Cir. 2023) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005)). The first time "style" is used in claim 1 is in limitation 1(c) as part of the element "to associate *a style* with *objects* of the plurality of web pages." '168 patent col. 64 ll. 53–54 (emphases added). The plain meaning of this language implies that *a* style is able to be associated with a *plurality* of objects.[5] To be sure, "style" is also used in other elements of

---

[5]    That our case law "explain[s] that the indefinite article 'a' means 'one or more'" does not change this analysis.

claim 1, including later in limitation 1(c) to claim that "at least one button object or at least one image object is associated with a style" and in limitation 1(d) to claim that "each web page is defined entirely by each of the plurality of objects comprising that web page and the style associated with the object," implying that one "style" can be applied to one "object." *Id.* col. 64 ll. 56–62. But this is what Express Mobile's proposed construction contemplates—a single style must be capable of *both* (1) being associated with a single object, *and* (2) being associated with more than one object.

While Express Mobile's proposed claim construction to the Board could have more clearly elucidated this concept, our case law does not support a *per se* rule that the use of the word "or" must always be treated as an alternative in the context of claim construction. *See Intel Corp. v. Qualcomm Inc.*, No. 22-1046, 2023 WL 4196901, at *4 (Fed. Cir. June 27, 2023) (non-precedential) (explaining that "[w]hile 'or' *can* refer to alternatives, that is not a hard-and-fast rule"). Indeed, we have adopted constructions that use the word "or" similarly to how Express Mobile has used it in this case. *See, e.g., id.*

Because "[t]he claims . . . do not stand alone," *Phillips*, 415 F.3d at 1315, we now "turn to the patent's specification for help[, which] . . . provides some useful insight into the claim term's meaning." *Apple*, 81 F.4th at 1358. The most

---

*Apple*, 81 F.4th at 1359 (quoting *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1315 (Fed. Cir. 2023)). Nothing in the claims or specification limits the invention from associating more than one "style" with a plurality of "objects"; we merely determine here that where there is a singular "style" claimed, that "style" must be capable of associating with a plurality of "objects."

pertinent disclosure in the specification on how style is used in the invention explains:

> FIG. 13 shows a process for implementing text button, image and paragraph style settings (20 of FIG. 3). The initial values for all the settings inside a parent pop-up window and associated child pop-up windows, for a particular style, can be set from the JavaScript database at 103. The settings can include: image object styles, text button object styles and paragraph object styles.

> The following settings can be initialized and changed for image object styles.

> . . .

> Referring again to FIG. 13, upon detecting the completion of editing an image, text button or paragraph style, the panel's JavaScript calls a build engine method and passes the required values. The build engine updates its internal database and sets any necessary feature flags at 104.

> When an image, text button or paragraph object is created, all the style settings for the currently selected style are applied by the build engine as part of the definition for the newly created object at 105.

> If a style is changed, all objects on all internal web pages that are utilizing that style are candidates for being changed to those new values at 106. Flags are kept for every possible style setting for each object. If a given object is edited through the text button, image, or interaction menus or other interface objects of the panel 400, the flags are set for any setting that are changed. If that style is subsequently changed, only those settings that have not had their flags set will be changed for any given object.

'168 patent col. 30 l. 25–col. 32 l. 18. Nowhere in this description of the invention's use of styles does it imply that a style is a formatting tool that can only be used for one object at a time; indeed, the plain reading of the specification implies that a style must be capable of being applied to multiple objects to enable uniform formatting of objects on one or more web pages through the application and alteration of a style. Nor does Meta point to any teaching in the specification to imply otherwise.

The claim language and the specification, taken together and in context, support that the claimed "style" must be capable of being applied to both one and more than one "object." Because we ultimately conclude that Express Mobile's proposed construction, with "or" properly interpreted, is more in line with the intrinsic evidence, we reject the Board's construction of "style." Accordingly, we vacate the Board's Final Written Decision and remand for further proceedings in view of the correct claim construction.[6] *See Apple*, 81 F.4th at 1359–60 (citing *Kaken Pharm. Co., Ltd. v. Iancu*, 952 F.3d 1346, 1355 (Fed. Cir. 2020) ("[T]he appropriate course in this case, as in so many others involving

---

[6]    Meta alternatively contends that the Board found that Lemay Web taught a "style" associated with multiple "objects." *See* Oral Arg. at 21:12–24:10, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1646_03072025.mp3 (relying on J.A. 23). We disagree. Read in context, the portion of the Final Written Decision that Meta points to for this proposition is related to the Board's reliance on the similarity of the disclosure in Lemay Web to the portion of the '168 patent's specification that describes how to override the application of style to an object, discussed above. It may be that under the correct claim construction, the Board finds that Lemay Web teaches the claimed "style"; however, that is still an open fact question for the Board to decide in the first instance.

14          EXPRESS MOBILE, INC. v. META PLATFORMS, INC.

[the declination to adopt] a Board claim construction, is to vacate the Board's decision and remand the matter.")).[7]

As the Board's erroneous construction of "style" infects the remainder of its analysis, including its analysis of limitation 1(g), which Express Mobile also pressed on appeal, we do not resolve the parties' various arguments on this claim limitation. We vacate the Board's finding that the prior art combination teaches limitation 1(g) and remand for further proceedings using the proper construction of "style."

## CONCLUSION

We have considered Meta's remaining arguments and find them unpersuasive. For the foregoing reasons, we adopt Express Mobile's proposed construction of "style" as "a collection of one or more settings that is defined separately from any single object but can be associated with one or more objects," with the understanding that "associated with one or more" means capable of being associated with both one object *and* more than one object. Accordingly, we vacate the Board's Final Written Decision and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

---

[7] As a "style" must be capable of being applied to more than one "object," separateness between a "style" and an "object" is also implied. The Board considered whether Lemay Web's alleged "style" was separate from the alleged "object" in its Final Written Decision, *see* J.A. 19–23; however, how the Board evaluated what constitutes separateness in the prior art software is less than clear. *See* Oral Arg. at 5:06–10:19, 14:49–16:09. On remand, the Board should further explain any decision it reaches on whether the prior art combination teaches an alleged "style" that is separate from the alleged "object."

EXPRESS MOBILE, INC. v. META PLATFORMS, INC.                    15

COSTS

Costs to Appellant.